|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| SARA RODRIGUEZ VAZQUEZ,<br>ROBERTO ANES CLAUDIO, individually<br>and in representation of their minor son,<br>RLAR,<br><br>    Plaintiffs,<br><br>    v.<br><br>HOSPITAL EPISCOPAL CRISTO, et. al.,<br><br>    Defendants. | Civil No. 10-2216 (JAF) |

**OPINION AND ORDER**

As a result of yesterday's hearing on the subject of diversity jurisdiction, we find that there are no indications on this record that diversity was "manufactured" to gain access to federal court. (See Docket No. 27.)

We also decide on the basis of <u>Centro Médico Del Turabo v. Departamento de Salud Del Estado Libre de P.R.</u>, 181 P.R. Dec. 72 n.1 (2011), that the forum selection clause at issue in this case is illegal and unenforceable.[1] As noted by the Puerto Rico Supreme Court, Puerto Rico has statutorily prohibited forum selection clauses presented to patients as part of the informed consent process in obtaining medical treatment. <u>Id.</u> (citing P.R. Dep't of Health, Regulation

---

[1] To obtain treatment for her minor son, on March 26, 2010, co-plaintiff Sarah Rodríguez-Vázquez signed the document at issue, which purported to limit her options for litigation, and obligate herself to "present a claim only and exclusively before the consideration of the First Instance Court of the Commonwealth of Puerto Rico, Guayama Part." (See Docket No. 25-2.)

Civil No. 10-2216 (JAF)                                                                                                                -2-

117-A, amended by Office of the Patient's Advocate of P.R., Regulation 7617 of November 21, 2008).

We reject Defendants' arguments based on Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 16 (1st Cir. 2009) (enforcing similar forum selection clause signed as part of hospital consent forms). At the time of the relevant events in Rivera, Regulation 117-A had not yet been amended to prohibit such clauses and, thus, no conflict existed yet between federal common law and the laws of Puerto Rico regarding the enforceability of forum selection clauses.[2]

Following the First Circuit's lead, we "sidestep the Erie question, of whether to treat the issue of a forum selection clause's enforceability as 'procedural' (and so look to federal law for a test) or as 'substantive' (and instead look to state law)." Huffington v. T.C. Grp., 637 F.3d 18, 23 (1st Cir. 2011) (citations omitted) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). Under either framework, the clause would be unenforceable.

If we treated enforceability as "procedural" and employed federal common law, we would find the clause unenforceable because "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). As noted by the Puerto Rico Supreme Court, such clauses had been prohibited by statute, and enforcement would unquestionably contravene Puerto Rico's interest in enforcement of its laws.

---

[2]The First Circuit noted that, after the initial briefing in Rivera in 2008, the Office of the Patient's Advocate of Puerto Rico was regulating to prohibit forum selection clauses contained in the consent forms required for medical treatment. The Rivera court, however, found that because "the regulation [was] neither retroactive nor written in terms indicating an intent to codify some pre-existing public policy judgment, it [did] not help [the Rivera appellants]." 575 F.3d at 23.

Civil No. 10-2216 (JAF) -3-

Treating enforceability as "substantive" would yield the same result. The clause was illegal and invalid under Commonwealth law, which provides "the substantive rules of decision . . . including relevant rules governing contract interpretation" in a diversity case. <u>Avery v. Hughes</u>, 661 F.3d 690 (1st Cir. 2011) (citations omitted). The forum selection clause was unenforceable at the time of signing.

For the above reasons, Defendants' motion for summary judgment is **DENIED**. (Docket No. 23.) Trial shall be held on **February 6, 2012, at 9:30 A.M**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 22nd day of December, 2011.

                                         s/ José Antonio Fusté
                                         JOSE ANTONIO FUSTE
                                          U.S. District Judge